UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ALBERT LORENCE HILL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MATTHEW MARTELL,<br><br>　　　　Respondent. | Case No. EDCV 08-00008 GPS (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

On November 8, 2007, Albert Lorence Hill ("Petitioner"), a state prisoner proceeding *pro se*, commenced the pending action for federal habeas review pursuant to 28 U.S.C. § 2254 ("Petition") by constructively[1] filing his pending Petition. (Pet.

---

[1] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on January 4, 2008, however, giving (continued...)

8.)  The Petition raises two claims challenging second degree robbery-related convictions and twelve years prison sentence that Petitioner sustained on May 2, 2002, following a *nolo contendere* plea in the California Superior Court for the County of San Bernardino (case no. FVA15204). (Pet. 2; Official records of California courts.[2])

The Petition and state court records establish that Petitioner waived his right to appeal his judgment of conviction and, accordingly, he did not appeal. (Pet. 2-3; Official records of California courts.)

The state court records also establish that, on October 6, 2004, Petitioner filed a habeas petition in the California Court of Appeal (case no. E036736) that was summarily denied on October 22, 2004. (Official records of California courts.) On April 11, 2007, Petitioner filed a habeas petition in the court of appeal (case no. E042774) that was summarily denied on April 19, 2007. (Pet. 4; Official records of California courts.) Subsequently, on June 7, 2007, Petitioner filed a habeas petition in the California Supreme Court (case no. S153260) that was summarily denied on October 17, 2007. (Pet. 4-5; Official records of California courts.) On November 8, 2007, Petitioner constructively filed his pending Petition. (Pet. 8.)

For the reasons discussed below, Petitioner is ordered to show cause why the pending Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

---

[1] (...continued) Petitioner the benefit of all doubt, for purposes of the following analysis, Petitioner's constructive filing date was November 8, 2007, the day he signed the Petition. (Pet. 8.)

[2] The Court takes judicial notice of Petitioner's records in the state trial and appellate courts, which are available on the Internet at www.co.san-bernardino.ca.us/courts/ and http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

**A.     Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Rule 4"), states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the prisoner adequate notice and an opportunity to respond before doing so.  *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court.  28 U.S.C. § 2244(d)(1).  In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner entered his no contest plea on May 2, 2002, and was sentenced on the same day.  (Pet. 2; Official records of California courts.)  Petitioner did not seek a direct appeal in the state courts.  For purposes of AEDPA's limitation period, his judgment became final sixty days later, on July 1, 2002, when the time expired for Petitioner to file a Notice of Appeal.  *See* Cal. R. Ct. 8.308(a) ("a notice of appeal must be filed within sixty days after the rendition of the judgment or the making of the order being appealed"); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001)(where the petitioner did not appeal her conviction to the California Court of Appeal, the conviction became final sixty days after she was sentenced).  The limitation period then started to run the next day, on July 2, 2002, and

ended on July 1, 2003. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the statute of limitations begins to run on the day following the day of the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed this deadline by failing to constructively file the pending Petition until November 8, 2007-- 463 days (over one year) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's limitation period under 28 U.S.C. § 2244(d)(1).

**C.   Statutory Tolling**

AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his first state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

Additionally, AEDPA's limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner did not file his first state habeas petition with the court of appeal until October 6, 2004,[3/] over one year after the expiration of the limitation period.

---

[3/]   The Petition indicates that the first state habeas petition was filed in the superior court under case number SWHSS9310. (Pet. 4.) Petitioner has not shown, and the state court records do not establish, that this filing was a state habeas petition. Nonetheless, as the following analysis makes clear, even giving Petitioner every benefit of the doubt with respect to this issue, each of his state habeas petitions was filed far too long after the limitation period ended.

1  Consequently, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed long after the limitation period expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitation period if it has already expired); *see also Jimenez*, 276 F.3d at 482. Therefore, the Petition and state court records establish that this Petition, constructively filed on November 8, 2007, is untimely by 1,591 days.[4/]

**D.     Alternative Start of the Statute of Limitations**

   **1.     State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition and attached Memorandum of Points and Authorities ("Memorandum") do not set forth any facts showing that Petitioner is entitled to relief under this provision.

   **2.     Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(c).

---

[4/]     Specifically, the 1,591 days represents the untolled time beyond the limitation deadline (July 1, 2003), and the Petition's constructive filing date (November 8, 2007).

Page 5

1  Petitioner's sentencing error claim in ground two of the pending Petition is
2  premised on the recent United States Supreme Court decision in *Cunningham v.*
3  *California*, 549 U.S. ---, 127 S. Ct. 856 (2007) ("*Cunningham*"). (Pet. 5; Memo. 4-38.)
4  Specifically, Petitioner argues the trial court's imposition of an upper term sentence
5  based on facts that were neither found by the jury nor admitted by Petitioner violated
6  his federal constitutional rights to a jury trial and proof beyond a reasonable doubt,
7  citing to, among others, *Blakely v. Washington*, 542 U.S. 296 (2004) ("*Blakely*"),
8  *Apprendi v. New Jersey*, 530 U.S. 466 (2000) ("*Apprendi*"), and *United States v.*
9  *Booker,* 543 U.S. 220 (2005) ("*Booker*"). (*See* Pet. 5; Mem. 4-38.)

10  Petitioner's reliance on *Cunningham* is misplaced for several reasons. First,
11  *Cunningham* does not expressly state that its holding is retroactive, and Petitioner has
12  failed to show that *Cunningham* can be applied retroactively on collateral review in
13  spite of *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989).

14  Second, *Cunningham* merely applied existing federal law in a manner that
15  effectuated a change in California's determinate sentencing law ("DSL"). Specifically,
16  in *Cunningham*, Justice Ginsberg's majority decision makes it eminently clear that the
17  Supreme Court merely applied its holdings in *Apprendi*, *Blakely*, and *Booker*, to
18  California's DSL:

19  > Contrary to the [*People v. Black,* 35 Cal. 4th 1238 (2005)]
20  > court's holding, our decisions from *Apprendi* to *Booker*
21  > point to the middle term specified in California's statutes,
22  > not the upper term, as the relevant statutory maximum.
23  > Because the DSL authorizes the judge, not the jury, to find
24  > the facts permitting an upper term sentence, **the system**
25  > **cannot withstand measurement against our Sixth**
26  > **Amendment precedent**.

27  *Cunningham*, 127 S. Ct. at 871 (emphasis added). Further, *Apprendi*, *Blakely*, and
28  *Booker* are not retroactive to convictions or sentences that became final before these

decisions were issued. *See Carrington v. U.S.*, 503 F.3d 888, 893 (9th Cir. 2007) ("'*Booker* is not retroactive, and does not apply to cases on collateral review where the conviction became final as of the date of *Booker's* publication.'"); *Schardt v. Payne*, 414 F.3d 1025, 1033-34, 1038 (9th Cir. 2005) (holding *Blakely* does not apply retroactively to a conviction that was final before *Blakely* was decided); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004) ("the Supreme Court has not made *Blakely* retroactive to cases on collateral review."); *Rees v. Hill*, 286 F.3d 1103, 1104 (9th Cir. 2002) (holding the Supreme Court has not made *Apprendi* retroactive on collateral review).

As noted above, Petitioner's conviction and sentence became final for purposes of direct review on May 2, 2002. Consequently, Petitioner's judgment became final after *Apprendi* was decided on June 26, 2000, but before *Blakely* and *Booker* were decided on June 24, 2004, and January 12, 2005, respectively. Further, to the extent Petitioner's sentencing error claim is based upon *Apprendi* as a newly recognized constitutional right, the claim is time-barred because the Petition was filed more than six years after the expiration of the limitation period. 28 U.S.C. § 2244(d)(1)(C) (the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court.) Alternatively, to the extent his sentencing error claim is based upon *Blakely* and *Booker*, the claim is foreclosed by *Schardt* and *Carrington* because, as discussed above, *Blakely* and *Booker* are not retroactive on collateral review.

Therefore, the face of the Petition and Memorandum do not set forth any other facts that show Petitioner is entitled to relief under this provision.

### 3.     **Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and Memorandum do not set forth any facts

Page 7

1  showing that Petitioner is entitled to relief based upon a late discovery of the factual
2  predicate.

### E.     Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition and Memorandum do not set forth any facts showing that Petitioner is entitled to relief under this provision.

## O R D E R

Based upon the foregoing, the Court finds the Petition, Memorandum, and state court records indicate it is untimely. Accordingly, Petitioner shall have until **January 31, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that, if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.  Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: January 10, 2008         /s/   ARTHUR NAKAZATO
                                      ARTHUR NAKAZATO
                                UNITED STATES MAGISTRATE JUDGE